IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR G. ALVARY,<br><br>                Petitioner,<br><br>   vs.<br><br>STEVEN CAMBRA, Acting Director of CDC; GEORGE A. ORTIZ, Warden; and the ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>                Respondants. | Case No. CIV F-01-5051 (JKS)<br><br>O R D E R |

After exhausting his state court remedies, Arthur G. Alvary, filed a petition for habeas corpus under 28 U.S.C. § 2254. Docket Nos. 1 (Pet.); 27 (Ans.); 30 (Traverse); 55 (Supp. Pet.); 57 (Supp. Ans.).

**FACTUAL AND PROCEDURAL BACKGROUND**

The Court has previously detailed the history of this case and incorporates them by reference in this Order. Docket No. 34 (Order dated November 13, 2003). To summarize: A jury in the State of California found Petitioner Alvary guilty of second-degree murder, attempted second-degree murder, and being an ex-felon in possession of a firearm. The superior court imposed an aggregate sentence of seventy-six years to life in state prison. Alvary appealed the conviction and petitioned for a writ of habeas corpus to the California Court of Appeal. The Court of Appeal affirmed the superior court's judgment and denied Alvary's petition. The California Supreme Court denied Alvary's petition for review. Alvary then filed a petition for habeas corpus in federal court, claiming he was denied effective assistance of counsel at trial because his attorney, Greg Dorst, failed to interview certain witnesses and was under the influence of methamphetamine throughout

1

the trial. This Court appointed counsel for Alvary "to analyze and brief whether [trial counsel]'s actions prejudiced Alvary." *Id*. at 5.

## DISCUSSION

Federal courts are authorized to grant relief in habeas corpus petitions only if the state court's decision: (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). A state court's determination is "'contrary to' federal law if the state court (1) 'applies a rule that contradicts the governing law' set forth in Supreme Court case authority or (2) applies controlling law to a set of facts that are 'materially indistinguishable' from a Supreme Court decision but nevertheless reaches a different result." *Ortiz-Sandoval v. Clarke*, 323 F.3d 1165, 1169 (9th Cir. 2003) (citing and quoting *Lockyer v. Andrade*, 123 S.Ct. 1166, 1173 (2003)). A state court's decision is an "unreasonable application" of federal law if it is "objectively unreasonable," which "requires the state court decision to be more than incorrect or erroneous." *Lockyer*, 123 S.Ct. at 1174.

Alvary argues he was denied effective assistance of counsel because his trial counsel failed to interview certain witnesses and lied to him about doing so, and because his counsel was under the influence of methamphetamine throughout the trial. Docket No. 1. The Constitution guarantees the right to a fair trial through the Due Process Clauses of the Fifth and Fourteenth Amendments and defines the basic elements of a fair trial in the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 684–85 (1984). A fair trial, in essence, "is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding." *Id*. at 685. Because the right to counsel plays such a crucial role in the adversarial system, it is not enough that a lawyer merely be present at courtroom proceedings; a lawyer must, at the very least, demonstrate a basic level of competency. *Id*. This conclusion follows directly from the purpose of the Sixth Amendment, which "is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding." *Id*. at 691–92.

ORDER

To make a successful Sixth Amendment ineffective counsel challenge to a state court judgment, a petitioner must demonstrate that (1) his trial counsel's performance fell below an objective standard of reasonableness, and (2) but for these deficiencies, a reasonable probability exists that the outcome of the trial would have been more favorable to him. *Id.* at 687–88, 691–92. This Court has already observed that Dorst's representation fell below the objective standard of reasonableness. Docket No. 34. Lying to a client and drug use during the court day clearly violate professional norms—a point the State conceeds. In appointing counsel, this Court was expressing its concern that the record was ambiguous as to the second prong of the *Strickland* test.

To satisfy the second prong of the *Strickland* test, Alvary also must demonstrate a reasonable probability that the outcome of the trial, absent his attorney's ineffectiveness, would have been more favorable to him. Counsel was appointed to represent Alvary and supplement the petition for habeas regarding the second prong of the *Strickland* test for ineffective assistance.

In his supplemental petition, Alvary focuses solely on his trial attorney's appearance and performance at closing argument. Alvary argues that Dorst impermissibly vouched for the prosecution witnesses when he called them "the finest he had ever seen." Docket No. 55 at 5. Alvary goes even further, stating that Dorst's performance during closing was so poor that Alvary was effectively without counsel during a critical stage of the proceedings. Conduct so bad, Alvary says, it should be considered "presumptively prejudicial," under the standards articulated in *United States v. Cronic*, 466 U.S. 648 (1984). *Id*. at 7-11.

Alvary's vouching claim is made out of context. Vouching occurs when one other than a witness provides personal assurances of the witness's veracity, or suggests that information not presented to the jury supports the witness's testimony. *United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir. 1993). In this case, after having spent the night in the local jail, attorney Dorst complimented the Sheriff's Department and its deputies as, "the finest I have ever seen." The supplemental petition does not mention that Dorst began his closing argument by telling the jury that "something kind of difficult for me occurred that has made it a bit difficult for be to be here today as well. But I am going to try my best. If I get a little bit emotional, it is probably not about this case because I have heard these facts and seen the witnesses testify and knew what to expect

ORDER

long ago." Docket 55, Ex. C at 2. He later interrupted his argument to say "By the way, I am going to compliment you. I am out of town, you have one of the finest Sheriff's Departments I have ever seen. Thank you. Excuse me." *Id*., Ex. C-1 at 2. Dorst did not personally assure the jury about a specific witness's truthfulness. Nor did he imply that information not presented to the jury supported a particular witness's testimony. Viewed in context, this remark is not improper vouching.

Next, Alvary contends that the remark about the Sheriff's Department, combined with Dorst's unprofessional appearance, emotional demeanor, and disjointed argument, amounted to a failure of representation that is presumptively prejudicial. In *Cronic*, 466 U.S. at 658-659, the Supreme Court identified three right-to-counsel situations that are "so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *Id*. One is "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." *Id.* at 659. Alvary now believes this describes the representation he received at trial due to his attorney's closing argument and physical presentation during closing. Alvary bolsters his argument by emphasizing the importance of closing arguments, as seen in two cases, *United States v. Swanson*, 943 F.2d 1070 (9th Cir. 1991), and *Herring v. New York*, 422 U.S. 853 (1975).

*Herring* is inapplicable, and *Swanson* is distinguishable. In *Herring*, the Supreme Court was dealing with a statute that permitted courts to eliminate closing arguments in bench-tried criminal cases. *Id.* at 856. The Court found this statute unconstitutional. *Id*. at 865. *Herring* did not address the importance of closing arguments in relation to the right to assistance of counsel. In addition, *Herring* predates *Cronic*. Thus, it is not relevant authority. In *Swanson*, the Ninth Circuit Court of Appeals found that the defense attorney's concession at closing argument that no reasonable doubt existed regarding factual issues in dispute was an abandonment of his client's defense resulting in a breakdown of the adversarial system of justice. 943 F.2d at 1071. The Ninth Circuit applied *Cronic* rather than *Strickland* because the defense attorney informed the jury of his view regarding the evidence that there was no doubt as to the only factual issues in dispute. *Id.* at 1074. At closing the attorney said things such as: " . . . the evidence in this case, ladies and gentlemen, is overwhelming and I'm not going to sit here and insult your intelligence . . . ; . . . again in this case, I don't think it

ORDER

really overall comes to the level of raising reasonable doubt . . . ." *Id*. at 1077.  Dorst's conduct in the present case does not rise to this level.  His remarks and demeanor at closing argument, which Alvary contends are presumptively prejudicial, are errors made during an inept attempt to present a defense.  Therefore, *Strickland* applies.  *See Swanson.*943 F.2d at 1073.

Finally, the Supreme Court has more recently narrowed the scope of *Cronic*.  *Bell v. Cone*, 535 U.S. 685 (2002),  involved a  28 U.S.C. § 2254 challenge to the Tennessee Court of Appeals's finding that Respondent Cone suffered a Sixth Amendment violation due to his attorney's performance at sentencing.  *Id*. at 692-693.  In holding that the *Strickland*, rather than the *Cronic*, rule applied, the Supreme Court explained that failure to test the prosecutor's case must be throughout the proceeding as a whole, not only at certain, specific points.  *Id.* at 697.  In the present case, Dorst's noted failings during closing would have effected only a certain, specific point of the whole trial.

Unfortunately, nothing in Alvary's supplemental briefing demonstrates to a reasonable probability that the outcome of the trial, absent Dorst's ineffectiveness, would have been more favorable to him.  Alvary has not provided an affidavit from any of the witnesses he claims may have provided exculpatory evidence, nor has he explained in detail what those witnesses would have testified to.  Further, no explanation was provided as to why these witnesses were not contacted.  Without any evidence to the contrary, the failure to contact additional witnesses could just as likely have been part of defense counsel's trial strategy.  This Court is unwilling to speculate either way.  *See, e.g.*, *Bell*, at 698-699 (stressing the great degree of deference given on review to counsel's performance).  Similarly, it is also possible that Dorst's remark about the Sheriff's Department could be justified as compliment to the locals in an attempt to gain credibility with the jurors.  Again, lacking evidence of prejudice, this Court will not speculate.

////
////
////
////


ORDER

In addition, Alvary must do more than show that he would have satisfied the *Strickland* test in the first instance; rather, he must show that the California Court of Appeal applied *Strickland* to the facts of his case in an objectively unreasonable manner. *Id*. In light of the above, this Court is persuaded that he did not. Thus, state court's decision was neither "contrary to," nor involved "an unreasonable application of, clearly established Federal law" under 28 U.S.C. § 2254(d)(1).

**IT IS THEREFORE ORDERED:**

Alvary's petition for habeas corpus pursuant to 28 U.S.C. § 2254 at **Docket No. 1** is **DENIED** and his action is **DISMISSED WITH PREJUDICE**.

Dated at Anchorage, Alaska, this __8___ day of December 2005.

/s/ James K. Singleton, Jr.

**JAMES K. SINGLETON, JR.**
United States District Judge